# BARNEY BATES v. STATE.

No. A-4093. Opinion Filed Jan. 6, 1923.

(211 Pac. 438.)

(Syllabus.)

**Robbery—Evidence Sustaining Conviction of Assault with Intent to Rob.**
—In a prosecution for assault with intent to rob, evidence held sufficient to sustain the conviction, and that no material error was committed on the trial.

Appeal from District Court, Carter County; Thomas W. Champion, Judge.

Barney Bates was convicted of assault with intent to rob, and he appeals. Affirmed.

Brown & Williams, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Barney Bates, and Walter Vaughn were by information jointly charged with the crime of assault with intent to rob. Upon his separate trial Barney Bates was convicted, and his punishment fixed at imprisonment in the penitentiary for the term of five years. From the judgment rendered in accordance with the verdict on the 29th day of March, 1921, an appeal was perfected by filing in this court on September 28, 1921, a petition in error with case-made.

The defendant is not represented by counsel in this court, but we have read and examined the entire record in the case. It appears that at the date alleged in the information M. J. Garigan was running a store, selling gasoline and Ford parts and cold drinks, in the town of Woodworth. He testified:

"I was in the store all day, and that evening late Paul's candy man came from Ardmore with a big bill of candy I bought from him. After the customers quit coming I put on

the night latch, and started to place this candy in the show case. The store was lit up with seven lights on the inside and a light on the porch. The door latch rattled, and I went to the door. I looked out, and a man was standing there, bare headed. I asked him, 'Was there something?' He pulled a big gun out of his pants and said, 'Stick them up, God damn you.' I grabbed his gun and stepped back in and was tusseling with him. Then I looked and saw a man standing in the door with a handkerchief over his face. He was a tall, slender fellow. He had a gun pointed at me. I ducked down, and both men shot me. One shot struck me in the left elbow, the other in the breast and come out in my back. I ran out the door and hollered, 'Murder! help! high jackers!' I fell. My left side was paralyzed. The defendant there is the man who shot me through the breast. He did not have a mask on. I am sure that is the man.''

The testimony of the defendant and of several other witnesses tends to prove an alibi.

Upon the record in this case the sole question presented by the assignments of error is the sufficiency of the evidence to sustain the conviction.

The testimony on the part of the state supports the allegations of the information. Upon the testimony of the defendant and his witnesses the jury could have acquitted, but it was their province to decide the credibility and the weight to be given their testimony.

Finding no prejudicial error in the record, the judgment of the district court of Carter county is affirmed, and the cause remanded thereto, with direction to enforce its judgment and sentence therein.

MATSON and BESSEY, JJ., concur.